UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SOMNER H. STONE,<br><br>    Plaintiff,<br><br>v.<br><br>FMA ALLIANCE, LTD.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00316<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SOMNER H. STONE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of FMA ALLIANCE, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §139 as Defendant conducts business in the Southern District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Galveston County, Texas, which is within the Southern District of Texas.

5. Defendant describes itself as "a privately-owned receivables management company[.]"[1] Defendant is an entity organized under the laws of the State of Texas with its principal place of business located at 12339 Cutten Rd., Houston, Texas 77066. Defendant regularly collects from consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon defaulted medical bills ("subject debt") that Plaintiff purportedly owes.

8. Around the summer of 2018, Plaintiff began receiving calls to her cellular phone, (832) XXX-8054, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8054. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (281) 670-1540, (877) 243-3265, and (281) 975-4237.

11. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

---

[1] https://www.fmaalliance.com/about

12. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

13. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

14. Plaintiff informed Defendant that she has never received any correspondence from Defendant.

15. Moreover, Plaintiff explained to Defendant that she did not owe the subject debt as it was covered by the settlement of a prior personal injury lawsuit.

16. Plaintiff provided Defendant with her attorney's contact information and demanded that it contact her attorney instead.

17. Nevertheless, Defendant ignored Plaintiff's demands and continued placing collection calls to Plaintiff's cellular phone.

18. On at least one instance, Defendant threatened to pursue legal action against Plaintiff in order to collect upon the subject debt.

19. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling her.

20. Defendant continued placing collection calls to Plaintiff's cellular phone until the filing of the instant lawsuit.

21. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 50 phone calls to Plaintiff's cellular phone.

22. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

31. Defendant violated c(a)(2) when it placed over 50 calls to Plaintiff's cellular phone after it knew that Plaintiff was represented by an attorney.

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

4

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 50 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On at least one occasion, Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to initiate a lawsuit against Plaintiff can be gauged by the fact that Defendant issued its threat after Plaintiff explained that she does not owe the subject debt.

5

From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with its deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

38. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 50 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

### d. Violations of the FDCPA, § 1692g

41. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing

6

the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

42. Defendant violated § 1692g by failing to provide the written information required within five days after the respective initial communications with Plaintiff.

43. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SOMNER H. STONE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

a. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 50 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

50. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

52. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated

system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, SOMNER H. STONE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

b. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

c. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

d. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

f. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

g. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

h. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 9, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
 *Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com